Allen, J.
This was an action by the endorsee against the payee and endorser of a negotiable note. The bill of exceptions in the record sets out that on the trial of the issue joined, the plaintiff offered in evidence the protest, and also the affidavit of the notary public; whereupon, the defendant moved the Court to exclude the said affidavit from the jury as inadmissible evidence of any fact therein contained which is not contained in the protest ; which the Court refused; thereby in effect deciding, that although the protest was silent as to notice to the endorser, that fact might be proved by the affidavit of the notary.
Whether the Court was correct in this decision, or not, depends on the true construction of the act of the 28th January 1829, Sup. Rev. Code, 259, and the act of the *536 3d February 1834. The first act provides, that when any bill, &c. shall be protested, a protest made by a notary public stating the time, place, and manner of presenting the same, and of giving notice of the protest thereof, verified by the affidavit or solemn affirmation of such notary public, made before any justice on the same day or next day after such protest made or notice given, may be read as evidence; and by the act of February 1834, Sess. Acts 75, the affidavit may be made at any time after protest.
At common law, the protest was a formal declaration of the notary of a presentation, demand, and that the holder looked to all the. parties for payment. The notice was no part of the protest. It was a fact necessary to be proved to entitle the plaintiff to a recovery; and it might be proved by the notary or other testimony at the trial. The acts under consideration do not change the law in this respect. A protest would still be sufficient, without setting out the time, manner, or place of giving notice, where that is necessary to charge the party: and the fact, like other facts, must be proved by competent testimony at the trial. To relieve the party from the expense and inconvenience of producing the notary at the trial, as he is the person to whom is generally confided the duty of giving notice, the act of January 1829, provided, that where the protest stated the time, manner and place of presentation, and of giving notice of the protest, his affidavit of the fact, made in the mode prescribed, might be read as evidtence. The law does not substitute the affidavit for the protest. It requires the protest, a solemn official act made when the transactions took place, to state the necessary facts, and if it is silent as to the time, manner, and place of presentation, and giving notice, an affidavit of those facts is entitled to no higher respect than an ex parte affidavit of any other fact necessary to be proved at the trial.
*537 The holder is not bound to pursue the mode prescribed by this law. He may still prove the notice by competent testimony. But if he relies on the act, he must bring himself within its terms. He must see that the protest states the facts which the law requires, and where the protest does not state the facts, the law does not permit the affidavit to be used as evidence of them.
I think, therefore, the Court erred in permitting the affidavit of the notary to go to the jury as evidence of any fact therein contained which is not stated in the protest.
Stanard, J.
This suit was against the endorser of a negotiable note. The plaintiff offered in evidence the protest of the notary, which stated the due presentment and demand of the note, the failure to pay, the protest for non-payment, and the fact that notice of the protest had been forwarded to the makers of the note. It omits to state that notice had been forwarded to the endorser, the defendant. He then offered in evidence the ex parte affidavit made by the notary, that the protest contained the truth; with this addendum, not contained in the protest, that he forwarded by mail written notice to the endorser, informing him of the protest and dishonour of the note; and the defendant then moved the Court to exclude the affidavit from the jury, as inadmissible to prove any fact therein contained, not stated in the protest. This motion was overruled, and the defendant in the Court below excepted.
By the overruling of the motion, the affidavit was admitted as evidence to the jury in respect to facts not stated in the protest.
It is not, nor could it be, with any prospect of success, contended, that unaided by the statute, such affidavit could be admissible evidence to prove the fact that the notice had been given to any of the parties to the bill.
*538 The act of 1829, Sup. Rev. Code, 259, provides that a protest stating the facts of the presentation, demand, and dishonour of the bill, and that notice of the dishonour and protest had been forwarded to the parties to the note, shall be evidence, if such protest be verified by the affidavit made on the day of, or the day after the protest. And the amendatory act of 1833-34, p. 75, makes such protest evidence, if such affidavit be made at any time after the protest.
It is perfectly clear, that under these acts, the' protest is the evidence that is to be used; and to make it evidence, it must be supported by the affidavit. The affidavit is not in itself, evidence of any fact other than of its existence; and its sole function is to verify and authenticate the protest; and then it is not in itself evidence, but makes the verified protest evidence. Beyond the verification of the protest, it has no function assigned by-the statute; and beyond that, and as to facts not stated in the protest, the statements of the affidavit have precisely the same, and no more, title to be respected, than an ex parte affidavit in respect to any other fact in issue between the parties, on trial by the jury. It is no evidence whatever of such ulterior fact, not stated in the protest. The Court below erred in overruling the motion of the defendant in that Court, to exclude the affidavit as evidence of the fact stated in it, that notice had been forwarded by mail to the endorser; no such fact being stated in the protest.
The other Judges concurred. Judgment reversed, and cause sent back for a new trial.